```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION

M TEE ENTERPRISES, INC.,       §
et al.,                        §
                               §
              Plaintiffs,      §
                               § Civil Action No. 3:09-CV-2044-D
VS.                            §
                               §
STOCK LOANS SERVICES, LLC,     §
et al.,                        §
                               §
              Defendants.      §
```

## MEMORANDUM OPINION AND ORDER

Defendant Stock Loan Services, LLC ("Stock Loan")[1] moves to remand this forcible detainer action to justice court. Concluding that the court lacks subject matter jurisdiction, it grants the motion and grants Stock Loan's request for attorney's fees, just costs, and actual expenses.

I

Stock Loan filed this forcible detainer action against V. Hendrix ("Hendrix") in Justice of the Peace Court, Precinct 4, Place 1, of Dallas County, Texas, seeking the eviction of V. Hendrix ("Hendrix") and all occupants from real property located in Cedar Hill, Texas. *See Stock Loan Servs., LLC v. V. Hendrix & All Occupants*, No. JE-09-02832-G (Justice Court, Dallas County, Tex.). In a *pro se* pleading styled "Counterclaim/crossclaim, notice of

---

[1] The caption of the notice of removal misnames "Stock Loan Services, LLC" as "Stock Loans Services, LLC," although the body of the notice correctly identifies this defendant.

removal, stay by injunction" and signed by Tanenankhaha Bernard Andrews ("Andrews") as "Individual Surety," the case was removed to this court. In the notice, Andrews realigned existing parties and added new ones. He designated the plaintiffs as M Tee Enterprises, Inc., ("M Tee Enterprises"), Michael Thomas ("Thomas"), Rothwell-Myers Limited, Andrews, Andrews Tanenankhaha Bernard, Victor Hendrix, and Hendrix. The defendants were designated as Stock Loan, Stock Building Supply, Inc. ("Stock Building"), Jim Major, First National Bank, Saul Ortega ("Ortega"), and "Docket Number JE09-02832G," i.e., the Justice Court case itself, as defendants. According to the notice of removal, there are parties on both sides of the case who are citizens of Texas.[2] Therefore, this case is removable only if the court has federal question jurisdiction.

Because it appeared clear to the court that this case was not removable, the court accelerated the briefing schedule on Stock Loan's motion to remand. The remand motion has now been briefed and is ripe for decision.

II

Stock Loan contends that the case must be remanded because this court lacks federal question or diversity jurisdiction. Because Andrews removed this case, he has the burden of overcoming an initial presumption against subject matter jurisdiction and of

---

[2]The notice of removal lists M Tee Enterprises, Thomas, Andrews, Hendrix, Stock Building Supply, First National Bank, and Ortega as citizens of Texas.

establishing that removal is proper.  *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "In general, defendants may remove a civil action if a federal court would have had original jurisdiction."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)(citing 28 U.S.C. § 1441(a)).  "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which (a federal) statute has defined."  *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)).  Therefore, the removal statute is to be strictly construed.  *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997).  "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).[3]

---

[3]Although Andrews includes himself among the plaintiffs in the notice of removal, he must be treated as a defendant because he has improperly realigned the parties in his notice of removal. Moreover, if he were in fact a plaintiff, he could not have removed the case.  *See* 28 U.S.C. § 1446(a) ("A *defendant or defendants* desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." (emphasis added)).

III

The court concludes that Andrews has failed to demonstrate that the court has diversity jurisdiction. This is true for either of two reasons. First, if the court considers all the parties named in the notice of removal, there are Texas citizens on both sides of this case, and complete diversity of citizenship is absent. *See* 28 U.S.C. § 1332(a)(1); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." (emphasis in original)).

Second, even if the court considers only the original parties in the justice court case, Hendrix (the named defendant) is a citizen of Texas, preventing diversity jurisdiction. 28 U.S.C. § 1441(b) provides that an action that is not based on federal question jurisdiction "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Because Hendrix is a defendant in the justice court case and is a citizen of Texas, the case is not removable based on diversity of citizenship. Andrews cannot avoid this statutory prohibition by attempting to realign Hendrix as one of the plaintiffs.

The court also lacks federal question jurisdiction.

> The district court has removal jurisdiction in any case where it has original jurisdiction. The district court has original federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States . . . . Under this well-pleaded complaint rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.

*Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 550-51 (5th Cir. 2008) (citations and quotation marks omitted).

> [T]he complaint also creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case and (3) the question of federal law is substantial.

*Howery*, 243 F.3d at 917.  But a defense to a state-law claim that rests on federal law is insufficient to establish federal question jurisdiction.  "The fact that federal law may provide a defense to a state claim is insufficient to establish federal question jurisdiction . . . .  Even an inevitable federal defense does not provide a basis for removal jurisdiction."  *Bernhard*, 523 F.3d at 550-51 (citations, brackets, and quotation marks omitted).

Stock Loan's justice court complaint asserts only a forcible detainer claim under state law.  There are no federal issues

pleaded on the face of Stock Loan's well-pleaded complaint. Andrews maintains that the court has removal jurisdiction because there are counterclaims/crossclaims that arise from various federal statutes. The court disagrees.

Even if the court assumes that these claims can be raised as defenses or asserted as counterclaims in a forcible detainer action, it has long been established that federal question jurisdiction is determined based on the plaintiff's well-pleaded complaint, not based on federal questions found asserted in defenses or counterclaims.

> The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . [I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987).

> The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that [the defendant] brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction.

*Stump v. Potts*, 322 Fed. Appx. 379, 380 (5th Cir. 2009) (per curiam) (citation omitted). Andrews cannot rely on federal-law

defenses or counterclaims to establish that the court has federal question jurisdiction.

Because the court lacks removal jurisdiction based on both diversity of citizenship and the presence of a federal question, the court lacks subject matter jurisdiction, and this case must be remanded.

IV

Stock Loan asks the court to award its court costs, expenses, and attorney's fees. The court grants the request.

Under 28 U.S.C. § 1447(c), the court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[C]ourts may award attorney's fees under § 1447(c) only when the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Here, there was no objectively reasonable basis to remove this case. There are no facts on which Andrews could reasonably have thought that there was diversity of citizenship. And the case was plainly not removable based on federal question jurisdiction. Stock Loan sued the defendants only under state law. The rule is well established that federal question jurisdiction is to be determined only on the basis of Stock Loan's well-pleaded complaint. Accordingly, the court

holds that Andrews lacked an objectively reasonable basis to remove the case to this court.

Stock Loan may file an application for an award of attorney's fees, just costs, and actual expenses using the procedure established in Fed. R. Civ. P. 54(d)(2), to be filed in accordance with the deadline prescribed by that Rule.

\* \* \*

Stock Loan's November 3, 2009 motion to remand is granted because the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). This action is remanded to the Justice of the Peace Court, Precinct 4, Place 1, of Dallas County, Texas. The clerk shall effect the remand in accordance with the usual procedure.

**SO ORDERED.**

November 16, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE